Anthony GRAY, Sr. and Kimberly Gray, Individually and as Next Friends of Anthony Gray, Jr., a Minor, Plaintiffs,

v.

MEMORIAL MEDICAL CENTER, INC., John Dekle, Jr., M.D., OB–GYN Associates of Georgia, P.C., Gustave Kreh, M.D., and Pediatric Associates of Savannah, P.C., Defendants.

No. CV494–058.

United States District Court,
S.D. Georgia,
Savannah Division.

June 10, 1994.

Anne Cote Marscher, Savannah, GA, Michael Keith Mixon and James J. Neal, Monroe, GA, for plaintiffs.

Lee Carter Mundell, Savannah, GA, for Memorial Medical Center.

William H. Pinson, Jr. and William R. Dekle, Savannah, GA, for all other defendants.

## ORDER AND MEMORANDUM

NANGLE, District Judge.

Before the Court is defendants' motion to disqualify attorney Michael K. Mixon from representing plaintiffs in this action. Defendants argue that Mixon's representation of plaintiffs violates Rule 1.10 of the American Bar Association Model Rules of Professional Conduct and cases interpreting that rule. For the reasons explained below, the Court will deny defendants' motion.

### BACKGROUND

Attorney Michael K. Mixon ("Mixon") currently is an employee and shareholder in the Monroe, Georgia law firm of Dickinson, Noel & Mixon, P.C. ("Dickinson firm"). Until October 1, 1993, Mixon was an employee and shareholder in the Savannah, Georgia firm of Middleton & Mixon, P.C. ("Middleton firm"); he resigned his position at the Middleton firm to join his current firm, but under an agreement with the Middleton firm maintains an "of counsel" role with the Middleton firm. In an affidavit, Mixon states that his "of counsel" status permits him to assist the Middleton firm with clients, but does not provide for the Middleton firm's involvement with cases handled by the Dickinson firm. (Pls.' Resp. to Defts.' Mot. to Disqualify Exh. A at 2.). In the instant action, Mixon represents the plaintiffs in his capacity as employee of the Dickinson firm.

Plaintiffs filed the instant action on February 24, 1994, in federal court after voluntarily dismissing a similar state court action filed in Chatham County Superior Court in 1987. The law firm of Pinson & Beckmann, P.C. ("Pinson firm"), represented defendants Dekle, Kreh, OB–GYN Associates, and Pediatric Associates in the state court action. Attorney Mark Tate ("Tate"), then associated with the Pinson firm, assisted in the firm's representation of these defendants. Tate states in an affidavit that his work on this matter was limited to "isolated legal matters

such as Motions in Limine to exclude certain testimony." (Pls.' Resp. to Defts.' Mot. to Disqualify Exh. B at 1.) Tate further states that he had no personal contact with either Dekle or Kreh, he did not interview any witnesses in the action, he did not attend any trial strategy or deposition preparation sessions, and that, in general, his work did not require access to privileged material or memoranda concerning mental impressions of the parties involved. (Pls.' Resp. to Defts.' Mot. to Disqualify Exh. B at 1–2.) Finally, Tate states that he has "no specific recollection" of any work that he did in connection with this action. (Pls.' Resp. to Defts.' Mot. to Disqualify Exh. B at 2.)

Tate became associated with the Middleton firm in November, 1993, after Mixon's departure. Both Mixon and Tate state in affidavits that they have never discussed this case with each other, except for a limited conversation about the extent of Tate's involvement in the case. (Pls.' Resp. to Defts.' Mot. to Disqualify Exh. A at 3 and Exh. B at 3.) Defendants contend, however, that because Tate had unlimited access at the Pinson firm to office files containing privileged or confidential information and mental impressions of the defendants, the Court should disqualify Mixon from representing plaintiffs in this action.

## DISCUSSION

The Southern District of Georgia employs the American Bar Association Model Rules of Professional Conduct (Model Rules) to govern attorneys practicing before its courts. S.D.Ga. § 4 R. 5(d); *Waters v. Kemp*, 845 F.2d 260, 263 (11th Cir.1988). Defendants argue that the Model Rules disqualify Tate from representing plaintiffs in this action, and impute Tate's disqualification to Mixon, who is "of counsel" to the firm in which Tate practices. The Court disagrees.

Under the Model Rules, an attorney may not represent one client in a matter and then represent another client of materially adverse interests in the same or a substantially similar matter without the first client's consent. Model Rule 1.9(a). "When a lawyer has been directly involved in a specific transaction, subsequent representation of other clients with materially adverse interests clearly is prohibited." Model Rule 1.9 comment. In the instant case, Model Rule 1.9 would disqualify attorney Tate from representing the plaintiffs in the instant action. While at the Pinson firm, Tate personally worked on the defense of an almost identical action, albeit in a limited capacity. Tate thus was directly involved in this matter, and could not subsequently represent the opposing side in this litigation.

■ The question thus becomes whether the court should impute Tate's disqualification from representing the plaintiffs in this matter to Mixon, who currently is plaintiffs' counsel. The Model Rules prohibit a "lawyer[ ] ... associated in a firm" from representing a client that another lawyer within the firm would be disqualified from representing. Model Rule 1.10(a). The parties dispute whether Mixon's "of counsel" relationship with the Middleton firm, with which Tate is associated, brings Mixon within the realm of Rule 1.10. The Court believes it does not.

■ Whether a group of attorneys comprise a "firm" for purposes of Rule 1.10 depends on the facts and circumstances surrounding their association. Rule 1.10 comment. The terms of a formal agreement between lawyers within the association are relevant to the characterization of that association as a "firm." *Id.* Furthermore, the level of an individual attorney's involvement within a firm is an important factor in a decision to impute disqualification to other attorneys. *See Waters,* 845 F.2d at 264 (finding private attorney's "extremely limited" connection to Attorney General's office did not cause disqualify other members of his private firm from representing criminal defendant). To impute disqualification between an "of counsel" attorney and a firm, the attorney should be "more than a *de minimus* of counsel, an independent contractor working part time for the firm." *Atasi Corp. v. Seagate Technology,* 847 F.2d 826, 830 (Fed. Cir.1988). Rather, the attorney should maintain an "active and very close relationship with the firm." *Id.* at 831; *see also United States ex rel. Lord Elec. Co. v. Titan Pac.*

*Constr. Corp.*, 637 F.Supp. 1556, 1566 (W.D.Wash.1986) (holding of counsel's "peripheral involvement in the firm as a nonparticipating attorney" argues against imputed disqualification).

■ The Court cannot envision a more peripheral relationship between an attorney and a law firm than that presented by these unique circumstances. Mixon is actively employed by the Dickinson firm, located in another town. As memorialized in a formal agreement, Mixon's involvement with Middleton firm cases is limited to sporadic consultation; the Middleton firm has absolutely no involvement with Mixon's personal cases or those of the Dickinson firm. The Middleton firm, including attorney Tate, thus has no involvement with the instant case. A court should balance the need for the harsh remedy of disqualification against other interests, including those of a party in retaining his or her chosen counsel. *Cossette v. Country Style Donuts, Inc.*, 647 F.2d 526, 530 (5th Cir. June 1981). In this case, the plaintiffs' interest in retaining Mixon as counsel vastly outweigh any danger that Mixon's representation poses to defendants, and Model Rule 1.10 does not prohibit this representation.

Accordingly,

IT IS HEREBY ORDERED that defendants' motion to disqualify attorney Michael K. Mixon be and is DENIED.